# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60218
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL LADELL ALLEN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:10-CR-160-3

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Michael Ladell Allen pleaded guilty to one count of conspiring to distribute and to possess with the intent to distribute cocaine. The presentence report attributed 160 kilograms of cocaine and 2,400 pounds of marijuana to Allen, using this drug quantity to determine Allen's base offense level for sentencing purposes. After considering testimony put forward at the sentencing hearing, the district court concurred with this finding. The court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60218

imposed a 300-month prison sentence, which was within the advisory guidelines range, to be followed by a five-year term of supervised release. Allen challenges that sentence, arguing that the court found him responsible for too high a quantity of drugs. Where a defendant, like Allen, is convicted of a drug trafficking crime, his base offense level is determined by the quantity of drugs involved. *See United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009); U.S.S.G. § 2D1.1(a)(5), (c). We review the district court's drug quantity determination for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).

The district court heard detailed testimony from two drug couriers regarding the amount of drugs they delivered to Allen. They both testified that Allen used other couriers as well and that Allen was in charge of the conspiracy's drug distribution throughout much of Mississippi. Allen faults the testimony of the couriers on the grounds that they were able only to estimate the amount of drugs they delivered to him; however, both explained that they were told the quantity they were transporting, and, in any event, a district court is permitted to rely on reasonable, reliable estimates of drug quantities. *See id.*; § 2D1.1, comment. (n.5). Moreover, though Allen would have preferred that the district court base its drug quantity determination only on the amount of drugs that authorities actually recovered, we have explained that the drug quantity attributable to a defendant is not limited to the amount of drugs seized. *Betancourt*, 422 F.3d at 246-47. Allen did not establish that the information relied on by the district court was materially untrue, inaccurate, or unreliable. *See United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013). The court committed no clear error in determining the quantity of drugs that Allen was accountable for.

AFFIRMED.